[No. 17249.   Department One.   November 1, 1922.]

# W. B. MITCHELL, *Appellant,* v. E. H. BERG *et al.,* *Respondents.*[1]

APPEAL (457)—REVIEW—HARMLESS ERROR—REJECTION OF EVI-
DENCE.  Error cannot be assigned on the rejection of evidence that
would have been of no material benefit to the appellant.

CONSPIRACY (5)—EVIDENCE—ADMISSIBILITY.  In an action for a
conspiracy to injure plaintiff's reputation as an attorney, news-
paper articles tending to reflect on the plaintiff are inadmissible,
where there was complete failure of proof that defendants were
responsible for the articles.

Appeal from a judgment of the superior court for
Spokane county, Oswald, J., entered December 23,
1921, upon granting a nonsuit, dismissing an action
in tort.  Affirmed.

*George D. Ayers* and *W. B. Mitchell,* for appellant.

*Post, Russell & Higgins,* for respondents.

BRIDGES, J.—The complaint charged that the de-
fendants, who were attorneys at law, conspired to-
gether for the purpose of injuring the reputation and
character of the plaintiff, who is also an attorney at
law, and for the purpose of attempting to deprive him
of the fruits of certain litigation, and of certain prop-
erty alleged to belong to him.  The trial court granted
a nonsuit, and plaintiff has appealed from a judgment
dismissing the action.

The whole trouble had its start and foundation in
the following facts:  The appellant, residing in the
city of Spokane, in this state, represented a Mr.
Ulbright and wife, residents of Idaho, in certain
litigation.  He engaged the services of two of the re-
spondents as his associates.  This litigation seems to
have been finally terminated without any serious

[1]Reported in 210 Pac. 194.

breach between the parties to this action. Thereafter, however, the appellant and a part of the respondents got into some difficulty over the attorneys' fees, growing out of the original litigation. It also appears that appellant's original client, conceiving himself to have been wronged by some actions of the appellant, employed a part of the respondents to institute certain proceedings in court against appellant. Practically all of the conduct of respondents complained of by appellant grew out of or was a part of this litigation. All of the respondents, at one time or another, were concerned in these suits.

We have read all of the testimony, and it clearly fails to show that the appellant has or had any cause of action against the respondents, or any of them. The evidence wholly fails to show any conspiracy of any character on the part of the respondents, or any of them, to wrongfully injure or damage the appellant. So far as we can see, the actions of the respondents were nothing more than such actions as attorneys generally are called upon to perform. A considerable amount of testimony offered by the appellant was rejected by the court, and error is charged on that account. For the most part, the testimony rejected was that contained in various written instruments generally connected with certain of the litigation out of which this trouble arose. The trial court refused to receive this testimony on various grounds. We do not find it necessary to determine whether the court's rulings were right. An examination of the rejected evidence shows that, if it had been received by the court, it would not have been of material benefit to the appellant. All of the testimony that he put into the case, and all that was offered and rejected, would not have justified the trial court in submitting the case to the jury.

It appears that, during one of the trials which was being had in Spokane, one of the newspapers of that city published an article which tended to reflect on the appellant. He offered this article as evidence to prove the conspiracy. The court properly rejected it, because there was a complete failure of proof that the respondents, or any of them, in conspiracy or otherwise, were responsible for the articles in question.

It would not serve any useful purpose to go further into the details of this action. A careful study of it convinces us that the action of the trial court was correct. Judgment affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.